# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JOSEPH DZIENNIK,**

    **Plaintiff,**

    v.

    Case No.    06-C-00363

**JO ANNE B. BARNHART,**
**Commissioner, Social Security Administration,**

    **Defendant.**

## DECISION AND ORDER

On March 27, 2006, the plaintiff Joseph Dziennik ("Dziennik") filed his complaint, in this Court, seeking review of a decision of the defendant Commissioner of Social Security Administration denying Dziennik's request for disability benefits. Accompanying the complaint is Dziennik's application and affidavit for leave to proceed *in forma pauperis* (IFP), which the Court now considers.

To authorize a litigant to proceed *in forma pauperis*, the Court must make two determinations: (1) whether the litigant is unable to pay the costs of commencing the action; and (2) whether the action warrants dismissal because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(a)(1) & (e)(2).

Dziennik's affidavit reveals that he is currently unemployed, but receives a monthly income of $686 plus another $126 in food stamps. Dziennik's affidavit shows that he has $200 in a checking, savings or other similar account. He pays $477 per month in rent and lists approximately $245 in miscellaneous monthly expenses, including medical costs. Dziennik also claims that he owes payment on a $60,000 loan, though he has not indicated the monthly sum that he pays. Based on the information contained in the submitted affidavit, the Court is satisfied that Dziennik is unable to pay the filing fee associated with commencing his action.

Next, the Court inquires whether Dziennik's action warrants dismissal because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dziennik's complaint alleges that the Commissioner's conclusions and findings of fact were not supported by substantial evidence and were contrary to established law. (Compl. ¶ 7.) Dziennik claims that the Commissioner's credibility findings were deficient as a matter of law. (*Id.* at ¶ 7(A).) Additionally, the Administrative Law Judge (ALJ) considering Dziennik's application purportedly did not attribute proper weight to the opinions of Dziennik's treating sources. (*Id.* at ¶ 7(B).) Nor, Dziennik continues, did the ALJ perform a proper residual functional capacity assessment as required under prevailing Social Security Administration Rules. (*Id.* at ¶ 7(C).) Finally, Dziennik alleges that the ALJ failed to consult a reliable vocational resource at step five of the evaluation process. (*Id.* at ¶ 7(D).)

2

For relief, Dziennik asks the Court to find that he is entitled to disability benefits, or, in the alternative, to remand the case for further proceedings.

Dziennik, based on his complaint, has stated a claim for relief that is neither frivolous nor malicious and, if proven, may entitle him to relief. Accordingly, the Court will grant his request to proceed IFP.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Dziennik's Motion to Proceed *In Forma Pauperis* (Docket No. 2) is **GRANTED**.

Dated at Milwaukee, Wisconsin this 20th day of April, 2006.

                          **BY THE COURT**

                          s/ Rudolph T. Randa
                          **Hon. Rudolph T. Randa**
                          **Chief Judge**