# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOSEPH DZIENNIK,

      **Plaintiff,**

v.                                          Case No. 06-C-363

**JO ANNE B. BARNHART,**
**Commissioner of Social Security**
**Administration,**

      **Defendant.**

# DECISION AND ORDER

This matter comes before the Court on Joseph Dziennik's ("Dziennik") appeal of an order regarding his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act ("Act"). The Social Security Administration ("SSA") initially denied both his applications, but later, upon reconsideration, the SSA granted Dziennik SSI benefits, with an onset date of October 1, 2001.

Subsequently, Dziennik requested a hearing in which he wished to establish that his disability onset date was on December 31, 1997. After several attempts to conduct such a hearing, Administrative Law Judge ("ALJ") Patrick Halligan decided without a hearing that

1

Dziennik did not establish that he was disabled prior to October 1, 2001. The Appeals Council denied review.

For the reasons that follow, the Commissioner's decision is affirmed.

## BACKGROUND

In March 1991, Dziennik was involved in an automobile accident. One month later, in April 1991, Dziennik sought treatment for his upper back pain that reportedly was caused by the accident. Tr. 239. The physician, Dr. Essam Away, found that other than tender neck muscles and a "mild" range of motion deficit, Dziennik's clinical examination was normal. Tr. 239.

In October 1994, Dr. Thatcher found that Dziennik's cervical range of motion was "fairly good," and that his lumbar range of motion was "within normal limits." Tr. 495. He also noted that Dziennik had lumbar disc displacements and radiculitis down the left knee. Tr. 495. Dr. Thatcher opined that Dziennik was suffering from a "temporary disability." Tr. 495.

In 1998, Dziennik visited Dr. James Porter about his neck and back pain. Tr. 479-481. Dr. Porter noted that Dziennik had full ranges of motion and that his strength and reflexes were normal. Tr. 480. He opined that Dziennik was "partially disabled due to musculoskeletal dysfunction." Tr. 481.

In August 2000, Dr. Paul Geimer evaluated Dziennik. Tr. 361-365. Dziennik told Dr. Geimer that he could sit comfortably for two hours, stand comfortably for one hour, and had

2

no difficulty walking. Tr. 361. His neurologic and musculoskeletal examinations were "entirely within normal limits." Tr. 362.

In July 2001, Dr. Atul Patel examined Dziennik. Tr. 398-401. Other than tenderness on the left side of his neck and back, his medical examination was unremarkable. Tr. 400. Dziennik was able to sit comfortably throughout the visit, stand without assistance, walk with a "brisk, normal based, non-antalgic gait," and was able to hop, squat and arise without any difficulty. Tr. 400. However, Dziennik complained of chronic fatigue as well, which Dr. Patel said may be related to depression. Tr. 400.

Because Dziennik reported depression to Dr. Patel, the state agency requested that clinical psychologist Dr. David Young examine him. Tr. 402. Dr. Young reported that Dziennik's attention was adequate and his eye contact and speech were unremarkable. Tr. 402. Dziennik told Dr. Young that he had feelings of worthlessness, emptiness, and loneliness. Tr. 402-403. Dr. Young diagnosed a mood disorder. Tr. 403. He also reported that Dziennik had a fair or good ability in fifteen work-related areas of mental functioning. Tr. 405-406.

In July and October 2001, Dziennik visited a counselor at Jewish Family and Children's Service ("Jewish Family"). Tr. 431-32. In October 2001, the counselor noted that Dziennik appeared to be agitated and requested an "experienced male therapist." Tr. 431. In November 2001, a male counselor at Jewish Family examined Dziennik and observed that his mood appeared to be depressed. Tr. 430.

3

In December 2001, Dziennik requested that a physician at the A.R.E. Clinic provide documentation to support his SSI disability claim. Tr. 439-440. The physician concluded that the overall examination was good and that he doubted Dziennik was disabled due to his 1991 automobile accident. Tr. 440.

In January 2002, psychologist Dr. Gregory Novie examined Dziennik at the request of the state agency. Tr. 444-450. Based on his examination, Dr. Novie concluded that Dziennik would be severely limited in responding to customary work pressures based on difficulties he encountered during intellectual and personality testing. Tr. 449. Dr. Novie further opined that Dziennik would be severely limited in behaving in an emotionally stable manner in a work atmosphere. Tr. 449.

In May 2002, Dr. James Campbell reviewed Dziennik's medical record and concluded that Dziennik was "markedly limited" in his ability to engage in several work-related areas of mental functioning. Tr. 483-484. Dr. Campbell opined that Dziennik was incapable of performing substantial gainful activity. Tr. 485.

Dziennik's application for SSI and DIB benefits were initially denied, but upon reconsideration, Dziennik was granted SSI benefits, with a disability onset date of October 1, 2001. Tr. 25. Dziennik's application was granted principally on grounds of his mental illness, and relied primarily on the opinion of Dr. Campbell. Tr. 547. Dziennik sought a hearing to request an earlier onset date. Tr. 546.

4

After a hearing date was set, Dziennik requested a change of the hearing site due to his impending relocation to Milwaukee, Wisconsin. Tr. 48-52, 79, 81. Dziennik failed to attend the hearing, and after several notices to show cause were sent to his last known address, ALJ Dale Garwal dismissed his hearing request. Tr. 42-46, 55-58, 72-77, 82-85, 226-228. The Appeals Council vacated ALJ Garwal's decision and remanded the case to ALJ Patrick Halligan. Tr. 25, 28, 35-39, 59-61.

On May 20, 2004, Dziennik appeared before ALJ Halligan and requested that the hearing be postponed so that he could obtain an attorney. Tr. 25, 546. ALJ Halligan granted Dziennik's request. Tr. 25. Subsequently, Dziennik spoke with four attorneys, all of whom declined to assist him. Tr. 25. On November 16, 2004, Dziennik appeared again before ALJ Halligan. Tr. 25. Dziennik asked for another postponement so that he could persuade a fifth lawyer, Mr. Fitzpatrick, to represent him. Tr. 25. ALJ Halligan again adjourned the hearing. Tr. 25. Fitzpatrick later told Dziennik that he would not represent him either. Tr. 25.

Dziennik then called the SSA and said that he will not be attending a hearing because it would be too stressful for him. Tr. 25. Dziennik's physician also wrote a letter indicating that Dziennik could not attend the hearing because it would cause him too much stress and emotional strain. Tr. 530. Accordingly, on February 15, 2005, ALJ Halligan issued a decision, without a hearing, finding that Dziennik did not establish that he was disabled prior to October 1, 2001. Tr. 22-27. The Appeals Council denied review. Tr. 10-12.

5

**DISCUSSION**

**I.   Standard of Review**

Section 405(g) of the Social Security Act limits the scope of judicial review of the Commissioner's final determination, and provides that the findings of the Commissioner as to any fact shall be conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Powers v. Apfel*, 207 F.3d 431, 434 (7th Cir. 2000). A court may reverse the Commissioner when the ALJ's decision is not supported by substantial evidence or is based on legal error. *Eads v. Secretary of Dep't of Health & Human Servs.*, 983 F.2d 815, 817 (7th Cir. 1993).

**II.  Analysis**

The ALJ followed the familiar five-step process for evaluating disability claims. He found that Dziennik was disabled, beginning on October 1, 2001. Dziennik argues that this matter should be remanded because the ALJ (1) failed to follow the requirements of SSR 83-20 to determine the onset of disability, (2) failed to accurately assess Dziennik's credibility, (3) erred by issuing a decision without conducting a hearing, and (4) failed to address the issue of reopening the prior determination. Also, Dziennik seeks remand on the ground that the Appeals Council erred by not reviewing the ALJ's decision.

6

### A. The Onset Date

Dziennik claims that the medical evidence was not sufficient to support a finding that the onset date of his disability was on October 1, 2001. Dziennik relies on the holding of *Wilder v. Chater*, 64 F.3d 335 (7th Cir. 1995). In *Wilder*, the ALJ found that the claimant suffered from major depression after the end of 1986. On appeal, the claimant challenged the ALJ's determination of the onset date of her depression. The only medical evidence in the case was the testimony of a psychologist, who believed she became depressed before the end of 1986. The Seventh Circuit vacated the ALJ's decision and remanded because there was no evidence to counter the psychologist's opinion regarding the onset date. *Id.* at 337. The psychologist's opinion was the only medical evidence in the case, and the ALJ did not cite any evidence that could rationally refute it. *Id*.

The instant case is much different than *Wilder*. The ALJ's decision that Dziennik's disability began on October 1, 2001, is consistent with much of the medical evidence in the record. For example, in July 2001, Dr. Young conducted a mental status examination, on which Dziennik earned a score of 29 out of 30. He also reported that Dziennik had a fair or good ability in fifteen work-related areas of mental functioning. Also, a July 2001 visit with a counselor at Jewish Family did not result in a finding of any remarkable psychological disabilities. In fact, the record contains no other evidence of psychological complaints or treatment prior to July 2001.

7

Evidence of psychological disability begins to first appear in the record in October 2001, at Dziennik's second visit to Jewish Family. At that time, the counselor observed that his mood was "agitated." One month later, in November 2001, the counselor at the Jewish Center described Dziennik as "depressed." In January 2002, Dr. Novie examined Dziennik and concluded that he was severely limited in responding to normal pressures of work due to his psychological disabilities. And, in May 2002, Dr. Campbell, after reviewing the medical evidence, also concluded that Dziennik was "markedly limited" in his ability to engage in several work-related areas of mental functioning. Dr. Campbell also found that the evidence was insufficient to find that Dziennik was disabled on December 31, 1997, the date which Dziennik claims ought to be the onset date.

Thus, unlike in *Wilder*, where the ALJ's determination of the onset date was against the only medical evidence in the case, the ALJ here made a determination consistent with the medical evidence. The first indication of mental illness appears in October 2001, when the counselor indicated that Dziennik was "agitated." The record also contains no evidence of psychological complaints or treatment prior to July 2001.

The record likewise supports the ALJ's determination that Dziennik did not suffer any physical disability prior to October 2001. While Dziennik suffered from back pains as a result of his car accident, numerous examinations from 1991 through the date of the ALJ's decision fails to demonstrate the presence of clinical signs to corroborate his reports of pain.

8

Rather, the evidence indicates that he had normal ranges of motion and was not significantly restricted due to his back injury.

Dziennik argues that the ALJ violated SSR 83-20 by not calling a medical expert to testify as to the onset date of Dziennik's disability. However, even if the ALJ did have such an expert testify, there is simply nothing in the medical record that indicates any mental illnesses prior to October 2001, let alone beginning on December 31, 1997. The record shows that he never even complained of depression until July 2001. Dziennik does not explain how a medical expert could testify, based on the medical evidence in the record, that Dziennik was mentally impaired beginning in December 1997, when there was not even a complaint of mental disability until July 2001.

The ALJ's finding that Dziennik disability began in October 2001 is consistent with the medical evidence in the record, so the Court will not remand to have the ALJ again address that question.

### B.     Dziennik's Credibility

Dziennik also challenges the ALJ's determination that he was not credible. The ALJ noted that Dziennik's demeanor was disrespectful and impertinent when Dziennik appeared before him. Those are factors that the ALJ is entitled to consider when assessing a claimant's credibility. *See Herron v. Shalala*, 19 F.3d 329, 335 (7th Cir. 1994) (since the ALJ is in the best position to observe witnesses, the court usually does not upset credibility determinations on appeal, so long as they find support in the record and are not patently

9

wrong). Furthermore, the fact that Dziennik received no treatment, had no clinical findings, and had no complaints of mental impairments until July 2001 in his medical records undermined his assertion that he became disabled on December 31, 1997. Accordingly, the ALJ's credibility determination was supported by the record and will not be disturbed.

### C. Issuing a Decision Without a Hearing

Dziennik asserts that the ALJ committed reversible error by issuing a decision without first conducting a hearing. The ALJ held that Dziennik waived his right to a hearing by requesting several postponements and then later claiming he could not attend the hearing because it would be too stressful for him. Indeed, Dziennik's doctor even wrote a note stating that Dziennik could not attend a hearing.

Nevertheless, the ALJ violated SSR 79-16. SSR 79-16 provides that a claimant may waive the right to a personal appearance at a hearing only if an individual signs a written document which shows that someone explained to the claimant: (1) the nature of the hearing procedure; (2) the claimant's right to appear at a hearing; (3) the claimant's right to an attorney; (4) that the additional evidence obtained through oral testimony may be valuable to the ALJ in making his decision; (5) that if the claimant does not appear, a decision will be made solely on the written record; and (6) the claimant may withdraw his waiver of a right to a hearing at any time prior to the issuance of a decision. While the ALJ explained to Dziennik, in person, to his right to an attorney at a hearing, the ALJ did not have Dziennik sign a document that contained all of the required information in SSR 79-16.

10

The ALJ's error, though, is not a reversible error because it did not prejudice Dziennik. Dziennik and his doctor both told the ALJ that he was not psychologically capable of attending a hearing. Thus, Dziennik's decision to not attend a hearing would not have been affected by a waiver form containing all of the information required by SSR 79-16.

Furthermore, even if Dziennik was able to attend a hearing, there is no reason to believe the result of the ALJ's decision would have been different. For example, in *Biswas v. Commissioner of Social Security*, 2007 WL 580523 (3d Cir. Feb. 26, 2007), the Third Circuit found that a claimant did not properly waive his right to a hearing, but nevertheless determined that the error did not prejudice him. The court reasoned that the claimant received notice of the scheduled hearings, he submitted medical information to the ALJ, he was represented by counsel, and the claimant was no longer disabled at the time, which eliminated the need for the ALJ to observe his condition. *Id.* at *1. Similarly, in the instant action, Dziennik was given ample opportunities to attend a hearing. In fact, he appeared personally twice at a hearing date, and both times he requested that they be postponed. Also, Dziennik, like the claimant in *Biswas*, was able to submit his medical records in support of his claim. And finally, like in *Biswas*, the ALJ did not need to personally observe Dziennik to make a determination. The issue before the ALJ was whether Dziennik was disabled prior to October 2001. Observing Dziennik at a hearing in 2005 would not have informed his decision as to that question.

11

The only distinction between Dziennik's case and *Biswas* is that in *Biswas* the claimant was represented by counsel. However, Dziennik was given ample opportunities to obtain counsel. The ALJ allowed him to contact and request the representation of five different attorneys, all of whom would not represent Dziennik. It was only after Dziennik specifically said he was unable to attend a hearing that the ALJ finally proceeded to make a decision without a hearing.

Dziennik's case was presented to the ALJ, and he was given ample opportunities to attend a hearing. The ALJ's failure to obtain a valid waiver was not prejudicial.

**D. Failing to Address the Question of Reopening the Prior Determination**

Shortly after his car accident in 1991, Dziennik applied for disability benefits. His application was denied. On November 14, 2004, in one of his personal appearances before the ALJ, Dziennik said he wanted to reopen his 1991 claim because of "fraud or similar fault." Tr. 563. At that time, the ALJ told Dziennik that he would wait until the attorney Dziennik was trying to solicit, Mr. Fitzpatrick, would outline in writing the nature of the fraud that allegedly occurred in 1991. Tr. 564-565. Fitzpatrick later declined to represent Dziennik, and there is nothing in the record that indicates Dziennik ever explained, in writing or otherwise, how the SSA committed fraud when declining his first application in 1991.

This Court lacks jurisdiction to review agency decisions declining to reopen previous determinations absent a claim of a constitutional violation. *See Campbell v. Shalala*, 988 F.2d 741, 745 (7th Cir. 1993). Dziennik did not, in his initial brief, claim any constitutional

12

violation. Accordingly, the Court cannot remand for further proceedings on whether the ALJ should have reopened his 1991 claim.

### E. The Appeals Council's Decision

The Appeals Council denied review of Dziennik's claim, which is not subject to judicial review. *See Damato v. Sullivan*, 945 F.2d 982, 988-89 (7th Cir. 1991). Furthermore, when the Appeals Council denies review, the Court cannot consider evidence that was not before the ALJ. *See Rice v. Barnhart*, 384 F.3d 363, 366 n.2 (7th Cir. 2004). Accordingly, Dziennik's request to remand because the Appeals Council should have reviewed the ALJ's decision on the basis of evidence that Dziennik only submitted to the Appeals Council is without merit.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

The Commissioner's Decision is **AFFIRMED**.

The clerk is directed to enter judgment and close this case accordingly.

Dated at Milwaukee, Wisconsin this 29th day of March, 2007.

**BY THE COURT**

s/ Rudolph T. Randa
**Hon. Rudolph T. Randa**
**Chief Judge**